NOT FOR PUBLICATION [3,13]

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DALE M. BARANOSKI, | : |
| Plaintiff, | : |
| v. | : Civil No. 05-5014 (FLW) |
| UNITED STATES ATTORNEY OFFICE | : **OPINION** |
| Defendant. | : |

**WOLFSON,** District Judge

    Presently before the Court are two motions relating to Plaintiff, pro se, Dale M. Baranoski's Complaint alleging that the United States Attorney ("U.S. Attorney") denied him the statutory right to present evidence of a federal crime to the Federal Grand Jury in Camden. On October 19, 2005, Plaintiff filed a Motion for Access to a Federal Grand Jury. Defendant, the United States, filed a Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for Failure to State a Claim upon which Relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). The Court has considered the moving, opposition and reply papers, and for the reasons set forth below, Plaintiff's Motion will be denied and Defendant's Motion will be granted.

I.  **BACKGROUND**

Plaintiff was employed as a police officer in the Westampton Police Department from 1986 through 2000. In 2000, Plaintiff was convicted of criminal trespass in Edgewater Park Municipal Court. Plaintiff alleges that his conviction was the result of a malicious prosecution undertaken by employees of the Westampton Police Department, and, since 2000, he has attempted to involve various state and federal agencies in an investigation of his allegedly malicious prosecution and conviction. As part of this ongoing attempt, Plaintiff sent a letter to the Federal Grand Jury in Camden, New Jersey on September 16, 2004. On December 23, 2004, Plaintiff received a letter from Deputy Court Clerk, John O'Brien, of the United States District Court for the District of New Jersey, explaining that a private individual has the right to contact the U.S. Attorney, not the Federal Grand Jury, to provide evidence and that a Federal Grand Jury may consider any evidence put before it by an attorney acting on behalf of the government.

Subsequently, on January 9, 2005, Plaintiff sent a letter to then Chief Judge of the United States District for New Jersey, John Bissell, seeking help in his request to appear before the Federal Grand Jury. Judge Bissell responded, advising plaintiff that he concurred with Mr. O'Brien's position that plaintiff's request be forwarded to the United States Attorney. On July 14, 2005, Renee M. Bumb, Attorney-in-Charge of the U.S. Attorney's Office in Camden, sent Plaintiff a letter advising him that the U.S. Attorney has exclusive jurisdiction to prosecute cases before a Federal Grand Jury. Moreover, Ms. Bumb's letter advised that "the allegations mentioned in your materials have been brought to the attention of the appropriate law enforcement authorities. If you discover additional information affecting these allegations, please bring it to their attention and they will take appropriate action." Baranoski Cert., Ex. P40b,

Bumb Letter (July 14, 2005).

Thereafter, on October 19, 2005, Plaintiff filed a Complaint against the U.S. Attorney's office alleging, essentially, that the U.S. Attorney's office denied him a statutory right to present evidence of a federal crime to the Federal Grand Jury in Camden.  Subsequently, on October 28, 2005, Plaintiff filed the instant Motion for Access to a Federal Grand Jury seeking an order granting access to the Federal Grand Jury.  In the alternative, Plaintiff seeks "the empanelling [sic] of a Special Grand Jury" pursuant to 18 U.S.C. §3332(b) "and the presentation of alleged offenses by the Court and an Order compelling the appearance of the Plaintiff" or "that a detailed list of federal allegations be submitted to the Federal Grand Jury for its consideration pursuant to 18 U.S.C. § 3332(a)."

Defendant, the United States, filed Opposition to Plaintiff's Motion on December 20, 2005.  In addition, Defendant filed a Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for Failure to State a Claim upon which Relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

**II. DISCUSSION**

Under Fed. Civ. R. P. 12(b)(1), a motion to dismiss may be treated as either a facial or factual challenge to a court's subject matter jurisdiction.  See Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  There is a crucial distinction between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings.  Id. at 890.  A facial attack on a court's jurisdiction "is directed to the sufficiency of the pleading as a basis for subject matter

3

jurisdiction." The Medical Society of New Jersey v. Herr, 191 F. Supp.2d 574, 578 (D.N.J. 2002).  Thus, a court "must only consider the allegations of the complaint and the documents referenced therein and attached thereto in the light most favorable to the plaintiff." Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  The motion presented here is a facial challenge to this Court's jurisdiction.

In the Complaint, Plaintiff alleges that this Court has jurisdiction pursuant to 42 U.S.C. §§ 1983 and 1985, 28 U.S.C. §§ 1331 and 1343(3), 18 U.S.C. §§ 1504 and 3332.  The Court does not agree.  Indeed, none of the statutes cited by Plaintiff support the proposition that jurisdiction in this Court is proper.

At the outset, the Court notes that 42 U.S.C. § 1983 provides relief from deprivation of rights by any individual acting "under color of any statute. . . of any State or Territory or District of Columbia."  A plain reading of §1983 indicates that this statute does not apply to the federal government; thus, it cannot provide a basis for subject matter jurisdiction in this Court.  Moreover, 42 U.S.C. § 1985 only enables individuals to seek redress for acts done in furtherance of a conspiracy to deprive them of their civil rights. 42 U.S.C. § 1985 (3).  Plaintiff does not allege a conspiracy by any of the employees of the U.S. Attorney, nor does he put forth any facts that would support an inference that such a conspiracy existed.  For these reasons, neither of these statutes can support a finding that this Court has subject matter jurisdiction over Plaintiff's claim.

Moreover, according to 28 U.S.C. § 1331, district courts have original jurisdiction over all civil actions arising under the "Constitution, laws or treaties of the United States."  However, it is well-settled that the federal government and federal agencies are immune from suit absent a

4

waiver of sovereign immunity.  See e.g., FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction") (citation omitted).  The doctrine of sovereign immunity bars direct constitutional actions against federal agencies as well as constitutional tort actions against federal agencies. Biase v. Kaplan, 852 F. Supp. 268, 279 (D.N.J. 1994); see Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Because the United States has not waived sovereign immunity in this case, this Court lacks subject matter jurisdiction over claims against the federal government.

Similarly, pursuant to 28 U.S.C. § 1343(a)(3), district courts have "original jurisdiction of any civil action authorized by law to be commenced by any person . . . to redress the deprivation, under color of any **State** law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3)(emphasis added).  Thus, § 1343(a)(3) only provides jurisdiction for actions taken "under color of any State law" and is not applicable in the instant dispute in which Plaintiff alleges a violation by the U.S. Attorney, a federal agency subject to federal law. Id.; see e.g., Gadsden v. United States Postal Service, 1995 WL 758775 (S.D.N.Y 1995) at *5 (finding that § 1343(a)(3) is only applicable where an alleged violation was "committed by an agency or officer of one of the 50 states").

Finally, Plaintiff alleges that jurisdiction is appropriate under 18 U.S.C. § 3332 and §1504.  Plaintiff is wrong.  Section 3332 simply provides that "alleged offenses may be brought to the attention of the grand jury by the court or by any attorney appearing on behalf of the

United States." 18 U.S.C. § 3332. Thus, section 3332 does not establish the right of a private individual to communicate with or present evidence to a grand jury. Similarly, 18 U.S.C. § 1504 provides criminal sanctions for anyone who attempts to communicate with or influence a grand or petit jury. Section 1504 does not provide this Court with jurisdiction over this Complaint.

However, even if Plaintiff could somehow establish that this Court has subject matter jurisdiction, Plaintiff's Complaint would still fail because he has not established a constitutional, statutory or common law right to communicate with a federal grand jury. The United States Attorney for the District of New Jersey has exclusive jurisdiction to prosecute violations of federal law within New Jersey. 28 U.S.C. § 547. Federal courts have consistently held that private individuals do not maintain a constitutional, statutory or common law right to communicate with a federal grand jury without the approval or participation of a prosecutor or judge. See e.g. In re Meyer, 2006 WL20526 (D.N.J. January 4, 2006); In Re New Haven Grand Jury, 604 F. Supp. 453, 456 (D.Conn. 1985). Moreover, it is well settled that the investigations of federal grand juries are limited to matters brought to its attention by the court, government attorney or their own observations; grand juries are not to "allow private prosecutors to intrude themselves into [their] presence, and present accusations." In re Charge to Grand Jury, 30 F. Cas. 992, 994 (C.C.D. Cal. 1872). For these reasons, courts have determined that "[t]he protection of society at large, as well as the preservation of the grand jury as an instrument of justice requires that the court place limits on direct and unsupervised communications with the grand jury by disgruntled individuals who may have personal axes to grind." In Re New Haven Grand Jury, 604 F. Supp. at 456,

Additionally, a court in this district recently decided an issue similar to the one presented

in the instant dispute. See In re Meyer, 2006 WL20526 (D.N.J. January 4, 2006). In Meyer, the Court denied a petitioner's motion to impanel a special grand jury and to autonomously present evidence to this panel. Id. Specifically, the court held that: (1) there was no constitutional right for private individuals to independently bring criminal charges and allegations before a grand jury and (2) that there was no statutory authority that would permit petitioner to bypass government prosecutorial authorities to directly and independently present allegations of criminal activity to a federal grand jury. Id.; see also In re New Haven Grand Jury, 604 F. Supp. 453, 456. Moreover, the Meyer court noted that despite the historical precedent describing the grand jury's independence, this independence is designed to protect against offensive actions of a prosecutor or court, not to allow individuals to present evidence to a grand jury independently of a prosecutor. Meyer, 2006 WL20526 at *1. In other words, the "constitutional role of the grand jury is to serve as a check on prosecutorial power, not a substitute for the prosecutor." Id. (citation omitted). Thus, while the grand jury affords constitutional protections to preserve the rights of an accused, there is no corresponding constitutional right for individuals to use a grand jury to levy criminal accusations. Id.

In addition to holding that private individuals do not maintain a constitutional right to bring criminal charges before a grand jury, the Meyer court held that there was no statutory authority for a federal grand jury to hear information from an independent private individual. Id. at *4. To begin, the court noted the statutory authority governing federal grand juries does not grant these juries the authority to issue presentments. Id. at *3. Absent the authority to make presentments, a grand jury is only able to accuse a suspect of a crime through an indictment, which, by definition requires the signature of an attorney for the government. Id. Thus, without

the participation of a government attorney, a grand jury is limited to a purely investigatory role and there is nothing to authorize a federal grand jury to conduct investigations for its own sake. Id. (citing U.S. v. Christian, 660 F.2d 892, 900 (3d Cir. 1981)). Accordingly, the Meyer court held that the petitioner could not claim a constitutional, statutory or common law right that would allow them to bring criminal charges before a grand jury. Id. at 4.

The Meyer court's reasoning is entirely applicable to the instant dispute. Similar to petitioner in Meyer, Baranoski cannot establish a constitutional or statutory right to empanel or present evidence to a grand jury independent of the U.S. Attorney. Thus, even if Plaintiff could clear the aforementioned jurisdictional hurdles, Plaintiff's complaint would still fail.

In addition to his statutory claims, plaintiff generally seeks to compel this Court or the U.S. Attorney to empanel a grand jury, present evidence to a grand jury or allow him to present evidence to a grand jury. The United States characterizes Plaintiff's request as one seeking a Writ of Mandamus pursuant to 28 U.S.C. § 1651 (a). A "remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Kerr v. U.S. District Ct. For Northern District of California., 426 U.S. 394, 402 (1976). Historically, a writ of mandamus has been used by appellate courts only to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so" or to "exceptional circumstances amounting to a judicial usurpation of power." Will v. United States, 398 U.S. 90, 95 (1967). To ensure that courts only use writs in extraordinary situations, the Supreme Court has set forth several prerequisites including: (1) that the party seeking the writ has no other adequate means of relief; and (2) that the party seeking the writ satisfy the burden of showing that its " right to issuance of the writ is clear and indisputable." Kerr, 426 U.S. at 403 (citations

8

omitted). Once these conditions are met, a court has discretion whether or not to issue the writ.

In the instant dispute, the Court does not even need to look to its own discretion because Plaintiff has not established that he has a "clear and indisputable" right to the relief he requests. Plaintiff seeks an order compelling the U.S. Attorney to empanel and present evidence to a grand jury or an order enabling plaintiff to present evidence to a grand jury independently of the U.S. Attorney.  Although any person may bring evidence of wrongdoing by a third party to the attention of the federal prosecutor,  if a complainant is frustrated by a prosecutor's decision not to prosecute, it does not necessarily follow that the complainant should have unsupervised recourse to the grand jury. In Re New Haven Grand Jury, 604 F. Supp. at 460.   This is exactly what happened in this situation.  Plaintiff presented evidence to the U.S. Attorney's office which, in its discretion, determined not to prosecute.  Moreover, as mentioned above, the prosecution of offenses against the United States is solely vested in the Attorney General.  Cox, 342 F.2d at 190. Thus, Plaintiff is not entitled to a writ of mandamus from this Court.


**III. CONCLUSION**

For the reasons discussed herein, Plaintiff's Motion for Grand Jury Access is DENIED. Defendant's Motion to Dismiss is GRANTED. An appropriate order will follow.


Dated: January 20th, 2006                         /s/ Freda L. Wolfson
                                                                                    Honorable Freda L. Wolfson
                                                                                     United States District Judge